IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Federal Deposit Insurance Corporation, | ) ) ) | 2:11-cv-1061-GEB-EFB |
| Plaintiff, | ) ) | |
| v. | ) ) ) | <u>ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSE; DENYING DEFENDANT'S MOTION TO FILE A SUR-REPLY</u>[*] |
| Melanie Anderson, an individual d.b.a. Cottage Creek Appraisals, | ) ) ) | |
| Defendant. | | |

Plaintiff moves under Federal Rule of Civil Procedure 12(f) for an order striking Defendant's fourth affirmative defense, in which comparative fault/comparative negligence is asserted. Plaintiff alleges in the complaint that an appraisal Defendant gave IndyMac Bank, F.S.B. ("IndyMac"), which valued certain real property, negligently misrepresented the value of the property. Plaintiff Federal Deposit Insurance Corporation is a government entity appointed by the Office of Thrift Supervision to act as Receiver for IndyMac. Plaintiff argues that "[b]ecause negligent misrepresentation is a tort of fraud or deceit, a plaintiff's own purported negligence is not a defense to a negligent misrepresentation action and the principles of comparative negligence do not apply." (Mot. 6:27-7:1.) Defendant counters that this defense should not be stricken because Plaintiff has failed to demonstrate that a

---

[*] This matter is deemed suitable for decision without oral argument.  E.D. Cal. R. 230(g).

1

comparative fault/contributory negligence affirmative defense does not apply to Plaintiff's negligent misrepresentation claim. (Opp'n 5:1-4.)

Further, Defendant filed a motion for leave to file a sur-reply, which is scheduled for a hearing on December 19, 2011. This motion is denied and the hearing is vacated, since sufficient reason has not been provided to justify additional briefing.

Plaintiff seeks to have stricken the following affirmative defense in Defendant's First Amended Answer:

> Plaintiff's claim for Negligent Misrepresentation is barred, in whole or in part, by the comparative fault of the Plaintiff, which caused or contributed to the injuries and damages complained of, if any. In particular, Plaintiff negligently approved the subject loan without adequately confirming the information on the borrower's loan application, including but not limited to the borrower's stated income and employment. In addition, Plaintiff's contributory or comparative negligence in the underwriting of the subject loan cause [sic] or contributed to Plaintiff's claimed damages.

"Negligent misrepresentation is a separate and distinct tort, a species of the tort of deceit." Bily v. Arthur Young & Co., 3 Cal. 4th 370, 407 (1992). "It is the general rule that the negligence of a plaintiff is not a defense where the defendant with intent to deceive has falsely represented as a fact something which he does not believe to be true." Van Meter v. Bent Constr. Co., 46 Cal. 2d 588, 593 (1956). Further, the California Supreme Court stated in Van Meter: "A defendant who misrepresents the facts and induces the plaintiff to rely on his statements should not be heard in an equitable action to assert that the reliance was negligent unless plaintiff's conduct, in the light of his intelligence and information, is preposterous or irrational." Id. at 595.

The allegations in Defendant's comparative fault/contributory

2

negligence affirmative defense have insufficient "factual content [to] allow[] the court to draw the reasonable inference" that the challenged affirmative defense plausibly alleges that in relying on Defendant's misrepresentations, Plaintiff engaged in preposterous or irrational conduct. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted). An affirmative defense may be stricken "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quotation omitted). Since Defendant's contributory negligence/comparative fault defense is not pled as an actionable defense, Plaintiff's motion to strike Defendant's fourth affirmative defense is GRANTED.

However, Defendant is granted ten (10) days from the date on which this order is filed to file a second amended answer addressing the insufficiencies of the stricken defense.

Dated: December 14, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge