1  MARK S. TRATTEN  (SBN 119330)
2  ERICKSEN ARBUTHNOT
   100 Howe Avenue, Suite 110 South
3  Sacramento, CA  95825
   (916) 483-5181
4
5  Attorneys for defendants, MELANIE ANDERSON,
   an individual, and MELANIE ANDERSON dba
6  COTTAGE CREEK APPRAISALS
7
8
                    UNITED STATES DISTRICT COURT
9
           EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION
10
11
12 FEDERAL DEPOSIT INSURANCE       )  Case No.: 2:11-CV-01061-GEB-EFB
   CORPORATION as Receiver for INDYMAC )
13 BANK, F.S.B.,                   )  **STIPULATION AND PROPOSED ORDER**
                                   )  **TO MODIFY SCHEDULING ORDER**
14                                 )
                Plaintiff,         )
15     v.                          )
                                   )
16                                 )
   MELANIE ANDERSON, an Individual,)
17 MELANIE ANDERSON dba COTTAGE    )
   CREEK APPRAISALS, and DOES 1 through )
18 40, inclusive,                  )
                                   )
19                                 )
                Defendants.        )
20 _____)

21                              **STIPULATION**
22
23     The parties, plaintiff, FEDERAL DEPOSIT INSURANCE CORPORATION as
24 Receiver for INDYMAC BANK, F.S.B., and defendant, MELANIE ANDERSON, an
25 individual, and MELANIE ANDERSON dba COTTAGE CREEK APPRAISALS, by and
26
27
28

Stipulation to Modify Scheduling Order and Proposed Order
FDIC/11-100/mstpld.001                                                    Page 1

through their respective attorneys of record, hereby stipulate and agree to modify the Status Pretrial Scheduling Order in this matter to extend expert disclosure and discovery cutoff dates.

1. On December 27, 2011, the defendants filed their Second Amended Answer. In the Second Amended Answer, defendants modified their affirmative defense of comparative fault with respect to Indymac's loan underwriting practices, specifically alleging that they were "preposterous and irrational". The last day for plaintiffs to file a motion to strike the Second Amended Answer expired on January 17, 2012.

2. Defendants have since retained an underwriting expert to prepare a report pertaining to Indymac's underwriting of the loan and its impact with respect to the elements of plaintiff's cause of action for negligent misrepresentation. Specifically, the elements of reliance, causation and damages.

3. Defendants' underwriting expert has not yet completed his review and report but anticipates completion by 4/13/12.

4. The parties have otherwise agreed to a private Mediation and are attempting to schedule a Mediation with Don Person of JAMS between 5/28/12 and 6/8/12.

5. The parties request modification of the scheduling order as follows:

| Pretrial Event | Current Deadline | Requested Deadline |
| --- | --- | --- |
| Initial Expert Witness Disclosure | 3/28/2012 | 4/13/2012 |
| Contradictory and/or Rebuttal Expert Disclosure | 4/30/2012 | 5/11/2012 |
| Discovery Closure | 5/28/2012 | 6/29/2012 |

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

DATED: March 28, 2012

                                  ERICKSEN ARBUTHNOT

BY: ____/S/ *Mark S. Tratten*_____
     MARK S. TRATTEN
     Attorneys for defendants,
     MELANIE ANDERSON, an
     Individual, and MELANIE
     ANDERSON dba COTTAGE
     CREEK APPRAISALS

DATED:  March 28, 2012

                                  GCA LAW PARTNERSHIP, LLC

By: ___/S/*Susan D. Condon*_____
     SUSAN D. CONDON
     Attorneys for Plaintiff,
     FEDERAL DEPOSIT INSURANCE
     COMPANY as receiver for
     INDYMAC BANK, F.S.B.

## **ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED 3/29/12

                                  GARLAND E. BURRELL, JR.
                                  United States District Judge