IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FEDERAL DEPOSIT INSURANCE
CORPORATION,

      Plaintiff,

vs.

MELANIE ANDERSON, an individual
d/b/a COTTAGE CREEK APPRAISALS,

      Defendant.
_____/

No. 2:11-cv-1061-GEB-EFB

ORDER

On July 13, 2012, plaintiff filed a motion "for an order granting relief from deemed admissions due to inadvertent delay by counsel in serving responses to requests for admission" pursuant to Federal Rule of Civil Procedure 36(b). Dckt. No. 39. The motion was originally noticed for hearing before the assigned district judge, but the district judge issued a minute order on July 16, 2012 vacating the motion and informing plaintiff that "discovery motions are to be noticed for hearing before the assigned Magistrate Judge." Dckt. No. 40; *see also* E.D. Cal. L.R. 302(c)(1). Plaintiff then filed an amended motion and noticed it for hearing before the undersigned on August 22, 2012. Dckt. No. 42.

However, the discovery deadline in this case was June 29, 2012. *See* Mar. 29, 2012 Stipulation and Order, Dckt. No. 35 (continuing the "discovery closure" date to June 29, 2012);

1

*see also* June 22, 2012 Stipulation and Order, Dckt. No. 38 (continuing only the cutoff date for expert witness deposition to July 30, 2012 and providing that "[n]o other provision of the Status Pretrial Scheduling Order is to be modified."). As set forth in the original Status (Pretrial) Scheduling) Order, the discovery deadline is the date on which all discovery is to be "completed," which "means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired." Aug. 3, 2011 Status (Pretrial Scheduling) Order, Dckt. No. 12, at 2.

To the extent plaintiff's motion seeks to resolve a discovery dispute, this court has no authority to consider that motion now that the discovery deadline has passed. While plaintiff may file a motion or stipulation to further modify the amended pretrial scheduling order, that motion and/or stipulation must be heard and decided by the district judge.[1] Accordingly, plaintiff's motion for an order granting plaintiff relief from deemed admissions, Dckt. No. 42, is denied without prejudice.

SO ORDERED.

DATED: July 17, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Since parties may agree to conduct discovery beyond the discovery completion deadline set by the court, the parties here could also agree that in light of plaintiff's counsel's inadvertence, plaintiff should be provided an extension of time to respond to the requests for admissions pursuant to Rule 36(a)(3), thereby making plaintiff's responses, Dckt. No. 39-2 at 4, timely and not deemed admitted.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26