IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
FEDERAL DEPOSIT INSURANCE      )
CORPORATION as receiver for    )   2:11-cv-01061-GEB-EFB
INDYMAC BANK, F.S.B.,          )
                               )
          Plaintiff,           )   ORDER
                               )
     v.                        )
                               )
MELANIE ANDERSON an Individual,)
MELANIE ANDERSON dba COTTAGE   )
CREEK APPRAISALS,              )
                               )
          Defendant.           )
_____)
```

    On July 13, 2012, Plaintiff filed a "Motion for Relief from Automatic Admissions, Request for Withdrawal of Admissions and Leave to Amend Same" under Federal Rule of Civil Procedure 36(b). (ECF No. 39). Plaintiff noticed the referenced motion for hearing on August 13, 2012, before the undersigned judge. However, since the Local Rules authorize discovery motions to be heard by the assigned Magistrate Judge, a Minute Order issued on July 16, 2012, which vacated the August 13, 2012 hearing. (ECF No. 40.)

    Plaintiff subsequently re-noticed the referenced motion for hearing before Magistrate Judge Edmund Brennan. (ECF No. 42.) Magistrate Judge Brennan denied the motion without prejudice on July 17, 2012, stating in relevant part as follows:

> [T]he discovery deadline in this case was June 29, 2012. See Mar. 29, 2012 Stipulation and Order, Dckt. No. 35 (continuing the "discovery closure" date to June 29, 2012); see also June 22, 2012

1

>     Stipulation and Order, Dckt. No. 38 (continuing only the cutoff date for expert witness depositions to July 30, 2012 and providing that "[n]o other provision of the Status Pretrial Scheduling Order is to be modified."). As set forth in the original Status (Pretrial Scheduling) Order, the discovery deadline is the date on which all discovery is to be "completed," which "means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired." Aug. 3, 2011 Status (Pretrial Scheduling) Order, Dckt. No. 12, at 2.
>
>     To the extent plaintiff's motion seeks to resolve a discovery dispute, this court has no authority to consider that motion now that the discovery deadline has passed. While plaintiff may file a motion or stipulation to further modify the amended pretrial scheduling order, that motion and/or stipulation must be heard and decided by the district judge. Accordingly, plaintiff's motion for an order granting plaintiff relief from deemed admissions, Dckt. No. 42, is denied without prejudice.

(ECF No. 43, 1:25-2:15 (footnote omitted).)

On July 27, 2012, Plaintiff again filed a "Motion for Relief from Automatic Admissions, Request for Withdrawal of Admissions and Leave to Amend Same" for hearing before the undersigned judge. (ECF No. 45.) This motion is untimely whether it is construed as a "dispute relative to discovery" or other law and motion. As detailed in Magistrate Judge Brennan's July 17, 2012 Order, the deadline to complete discovery expired on June 29, 2012, and the January 9, 2012 Order Supplementing Pretrial Scheduling Order prescribed July 30, 2012 as the last hearing date for law and motion. (ECF No. 31, 2:1-2.)

Further, although Plaintiff alternatively requests in its motion "leave to briefly reopen discovery in order to have this matter heard and resolve[d,]" Plaintiff does not address whether it has

1 | satisfied the relevant legal standard required to grant the alternative
2 | relief requested. See Rule 16(b)(4)("A [Scheduling Order] may be
3 | modified only for good cause and with the judge's consent.")
4 | For the stated reasons, Plaintiff's "Motion for Relief from
5 | Automatic Admissions, Request for Withdrawal of Admissions and Leave to
6 | Amend Same" is stricken.

Dated: July 31, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge