IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as receiver for INDYMAC BANK, F.S.B., <br><br> Plaintiff, <br><br> v. <br><br> MELANIE ANDERSON an Individual, MELANIE ANDERSON dba COTTAGE CREEK APPRAISALS, <br><br> Defendant. | 2:11-cv-01061-GEB-EFB <br><br> ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF IGNACIO GOMEZ |

Defendant moves to exclude the expert witness testimony of Ignacio Gomez under Federal Rules of Civil Procedure ("Rules") 26 and 37, arguing Plaintiff's disclosure of Mr. Gomez as an expert witness was untimely and deficient. (Def.'s Mem. of P.&A. in Supp. of Mot. to Exclude ("Mot.") 5:13-15.) Plaintiff opposes the motion, arguing Mr. Gomez was timely disclosed as a rebuttal expert, and "there is no harm to defendant for the vagueness contained in Mr. Gomez's disclosure." (Pl.'s Opp'n ("Opp'n") 1:5-8, 1:17-18.)

**I. BACKGROUND**

This litigation involves Defendant's appraisal of real property for mortgage lending purposes. (Compl. ¶ 7.) Plaintiff alleges Defendant negligently overvalued certain real property, and the negligent appraisal resulted in damages to Plaintiff. Id. at ¶ 12.

1

1  A Status (Pretrial Scheduling) Order filed August 3, 2011, established a number of scheduling deadlines for this action. (ECF No. 12.) The parties have sought multiple extensions of a number of these deadlines. (ECF Nos. 14, 19, 27, 34, 37.) The existing deadlines for the disclosure of expert witnesses are as follows: initial expert disclosure was due on or before April 13, 2012, and contradictory and/or rebuttal expert disclosure was due on or before May 11, 2012. (ECF No. 35.)

The parties disclosed experts on April 13, 2012. (Decl. of Susan D. Condon in Supp. of Pl.'s Opp'n ("Condon Decl.") ¶ 2.) Plaintiff disclosed an appraisal expert, and Defendant disclosed an appraisal expert and an underwriting expert. Id. On April 23, 2012, Plaintiff's office sent a letter to opposing counsel, which states as follows:

> Pursuant to Federal Rule of Civil Procedure (a)(2), [Plaintiff] amends is [sic] expert disclosure of April 13, 2012, to disclose both Ignacio Gomez and Lee Batholomew as expert witnesses it may present at trial. Mr. Batholomew's expert report under Rule 26(a)(2)(B) was provided with the original April 13, 2012 disclosure.

Id. ¶ 3, Ex. 1. Plaintiff's counsel declares "[i]t was [her] intent . . . to submit Mr. Gomez strictly as a party rebuttal expert to [Defendant's underwriting expert]." Id. ¶ 3.

On July 10, 2012, Defendant's counsel emailed Plaintiff's counsel concerning the April 23, 2012 letter. (Decl. of Jason Yang in Supp. of Def.'s Mot. ("Yang Decl.") ¶ 2, Ex. A.) Defendant's counsel states in the July 10, 2012 email, in relevant part, as follows:

> [Y]ou have not disclosed whether Gomez is an expert witness pursuant to FRCP 26(a)(2)(B) or FRCP(a)(2)(C). Regardless, your disclosure of Gomez as an expert witness was untimely. . . .
>
> . . . .

2

> Secondly, you have provided no information with respect to what Gomez' expert testimony will be in regard to. . . .
>
> Consequently, our view . . . is that he should be precluded from testifying from trial as an expert witness.

Id., Ex. A.

Plaintiff's counsel avers that prior to receiving the July 10, 2012 email, she and Defense counsel coordinated the expert deposition schedule, and scheduled Mr. Gomez' expert deposition for July 25, 2012. (Condon Decl. ¶ 3.) On July 23, 2012, Defense counsel took Mr. Gomez' expert deposition off calendar. Id.

On July 24, 2012, Plaintiff's counsel and Defendant's counsel "discussed Mr. Gomez's anticipated testimony." Id. ¶ 4. Plaintiff's counsel declares she advised Defendant's counsel "that [Plaintiff] intended to rely on Mr. Gomez's expert testimony in the very narrow area of underwriting, premised on Mr. Gomez's employment at IndyMac Bank and his knowledge of its underwriting practices." Id. Plaintiff's counsel also declares she told Defense counsel that Plaintiff "would only use Mr. Gomez as a party rebuttal witness in response to [Defendant's underwriting expert.]" Id.

Although each party's counsel discussed Mr. Gomez's anticipated testimony, "[Mr.] Gomez has yet to provide a report or summary of the facts and opinions to which he is expected to testify." (Def.'s Reply ("Reply") 2:18-19.)

## II. DISCUSSION

Defendant argues Plaintiff "'amended' its Initial Expert Disclosure to include Ignacio Gomez as an expert witness in violation of [Rule] 26(a)(2)(B)-(C)[;] . . . [Plaintiff] did not even disclose whether Gomez was being disclosed as a witness pursuant to [Rule]

1  26(a)(2)(B) or [Rule] 26(a)(2)(c)[, and] . . . there was absolutely no
2  accompanying information or report indicating what facts or opinions
3  Gomez was being proffered as an expert witness regarding." (Mot. 3:15-
4  27.) Defendant argues Gomez is therefore prohibited from testifying at
5  trial under Rule 37(c)(1). Id. at 3:27-28. Defendant further argues
6  "there is no . . . substantial justification for [Plaintiff's]
7  failure[,]" and "[Defendant] would be significantly prejudiced in the
8  event this motion is denied" since "[d]iscovery is now closed and trial
9  is set for October 23, 2012." Id. at 4:19-20, 5:4-11.

10  Plaintiff rejoins that Mr. Gomez was disclosed as a rebuttal
11  expert witness "eighteen days prior to the deadline for disclosing
12  rebuttal witnesses[,]" in response to Defendant's disclosure of an
13  underwriting expert. (Opp'n 4:8-12, 5:20-23.) Plaintiff argues an expert
14  report was not required under Rule 26(a)(2)(B) because Mr. Gomez is not
15  a "retained" or "specially employed" expert. Id. 6:7-18. Concerning Mr.
16  Gomez's experience, Plaintiff states:

> From 1999 through 2009, Mr. Gomez worked for IndyMac Bank as Vice President of Fraud Recovery and Loss Mitigation. (Gomez Decl. at ¶ 3.) . . . Consequently, his job duties required detailed knowledge of IndyMac Bank's lending guidelines . . . and the underwriting practices of IndyMac Bank. (Gomez Decl. at ¶ 3.)
>
> After a majority of IndyMac's assets were sold by the Federal Deposit Insurance Corporation to OneWest Bank, Mr. Gomez was hired by Mortgage Recovery Law Group, a law firm located in Southern California. (Gomez Decl. at ¶ 4.) Among Mortgage Recovery Law Group's clients is the FDIC-R. (Gomez Decl. at ¶ 4.) Mr. Gomez's job with regard to this client is to investigate certain loans following bank failures that resulted in significant losses to the FDIC-R. (Gomez Decl. at ¶ 4.) Mr. Gomez also performs investigative work on behalf of other clients in reviewing loans with significant losses to facilitate indemnification based on loan seller contractual representations and warranties. (Gomez Decl. at ¶ 5.) In order to perform these duties, Mr. Gomez reviews and becomes familiar with various

4

>>lending guides to which clients underwrite their loans. These guidelines also serve as the basis for the loan sellers' representations and warranties. (Gomez Decl. at ¶ 5.) Although Mr. Gomez does get designated to provide testimony as a corporate representative based on his prior employment at IndyMac, less than 5% of his time is spent so testifying. (Gomez Decl. at ¶ 6.) The overwhelming majority of his work is spent involved in investigation and file review. (Gomez Decl. at ¶ 6.)
>
>>Given his experience at IndyMac and that IndyMac has no current employees, Mr. Gomez has testified many times as FDIC-R's Rule 30(b)(6) witness for IndyMac Bank. (Gomez Decl. at ¶ 6.) On June 27, 2012, Mr. Gomez was deposed as a Rule 30(b)(6) witness by defense counsel in this case. (Gomez Decl. at ¶ 6.)
>
>>This case is the first time Mr. Gomez has been disclosed as an expert. (Gomez Decl. at ¶ 6.)

Id. at 2:14-3:19. Plaintiff argues therefore, "[u]nlike a specially retained or house expert, Mr. Gomez has not been asked to draw opinions from outside information[; r]ather, his opinions are based on his own knowledge, experience, and perceptions from his nearly 20 years of experience in the mortgage industry." Id. at 3:20-22.

Plaintiff further counters that "any deficiency in the disclosure of Mr. Gomez as a party rebuttal expert is harmless to defendant's ability to present its case[,]" since "[t]his matter is six months away from trial[, and] . . . discovery has been reopened [until] September 24, 2012." Id. at 10:5-9.[1]

Defendant replies that Plaintiff's failure to properly disclose Mr. Gomez is not harmless. (Reply 5:15.) Defendant argues "any

---

[1] On August 3, 2012, after Defendant filed its motion, the Status (Pretrial Scheduling) Order was modified. (ECF No. 58.) In relevant part, the trial commencement date was changed to March 26, 2013, and the discovery completion date was changed to September 24, 2012. Id.

5

facts and opinions provided by Gomez could affect the testimony of Defendant's own expert witness[,]" and "could drastically alter Defendant's strategy by introducing facts and opinions previously unbeknownst to Defendant's expert." Id. at 6:1-6.

Rule 26(a)(2) "requires parties to disclose the identity of any expert witness." Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 824 (9th Cir. 2011). "If the expert is 'one retained or specially employed to provide expert testimony in the case or whose duties as the party's employee regularly involve giving expert testimony,' the disclosure must be accompanied by a written report[.]" Id. (quoting Rule 26(a)(2)). "[I]ndividuals who are employed by a party and whose duties do not regularly involve giving expert testimony need not provide an expert report." Torres v. City of Los Angeles, 548 F.3d 1197, 1214 (9th Cir. 2008). However, the disclosure concerning such witnesses "must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. Proc. 26(a)(2)(C).

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." Yeti by Molly LTD v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). "This particular subsection, implemented in the 1993 amendments to the Rules, is a recognized broadening of the sanctioning power." Id. (citation omitted). "Rule 37(c)(1) did not, however, strip the district courts of discretion to allow expert testimony in appropriate circumstances; to the contrary, it contains an express exception under which a failure [to properly disclose expert information] may be excused if the failure was

substantially justified or is harmless." Lanard Toys Ltd. v. Novelty, Inc., 375 Fed. Appx. 705, 713 (9th Cir. 2010)(citing Yeti by Molly LTD, 259 F.3d at 1106). "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Id. (citing David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir.2003)). "The burden is on the party facing exclusion of its expert's testimony to prove the delay was justified or harmless." Id.

Mr. Gomez was timely disclosed as a rebuttal expert witness. Further, he was not required to provide a written report since he was not "retained or specially employed to provide expert testimony in this case and [his] respective duties as [a former IndyMac Bank employee do not] regularly involve[] giving expert testimony." Rent Info. Tech., Inc. v. Home Depot U.S.A., Inc., 268 Fed. Appx. 555, 559 (9th Cir. 2008). However, as a non-retained expert, Plaintiff was obligated to "disclose the subject matter of [his] testimony and a summary of the facts and opinions [he] will testify to." United States v. Sierra Pac. Indus., No. CIV S-09-2445 KJM EFB, 2011 WL 2119078, at *2 (E.D. Cal. May 26, 2011)(citing Rule 26(a)(2)(C)). Plaintiff has not shown that it satisfied this requirement. See Pineda v. City & Cnty. of San Francisco, 280 F.R.D. 517, 523 (N.D. Cal. 2012)(stating a party's non-retained expert disclosures did not satisfy Rule 26(a)(2)(C) when they "fail[ed] to include any facts on which their non-retained experts will rely, nor . . . the opinions to which they are expected to testify").

1  Notwithstanding these deficiencies, Plaintiff has shown that its incomplete disclosure of Mr. Gomez as a non-retained rebuttal expert witness was harmless under the circumstances. Further, there is nothing in the record to suggest Plaintiff's failure to properly disclose Mr. Gomez was willful or done in bad faith. Since the trial and discovery completion dates have been continued, Defendant has the opportunity to depose Mr. Gomez.

"While the Court is reluctant to excuse [Plaintiff's] failure to comply with Rule 26, the preference for deciding matters on the merits, rather than on procedural missteps, counsels" against excluding Mr. Gomez. Ricks v. BMEzine.com, LLC, 727 F. Supp. 2d 936, 951 (D. Nev. 2010). For the stated reasons, Defendant's motion is DENIED. However, Plaintiff must serve an amended rebuttal expert disclosure within five (5) days within the date this order is filed, which fully complies with Rule 26(a)(2)(C).

Dated:   August 24, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge