IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FEDERAL DEPOSIT INSURANCE
CORPORATION,

      Plaintiff,

vs.

MELANIE ANDERSON, an individual
d/b/a COTTAGE CREEK APPRAISALS,

      Defendant.
_____/

No. 2:11-cv-1061-GEB-EFB

ORDER

On November 7, 2012, the court heard defendant's motion to compel plaintiff to provide responses to defendant's Requests for Production of Documents, Set Seven and Special Interrogatories, Set Three, and defendant's request that the court clarify the scope of discovery with respect to communications between Ignacio Gomez and plaintiff's counsel. Dckt. No. 84. Attorney Susan Condon appeared on behalf of plaintiff and attorney Jason Yang appeared on behalf of defendant.

As stated on the record, defendant did not adequately meet and confer regarding the discovery dispute, as required by Federal Rule of Civil Procedure 37(a)(1) and Eastern District of California Local Rule 251(b). *See* Fed. R. Civ. P. 37(a)(1) (providing that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted

to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"); E.D. Cal. L.R. 251(b) (providing that a discovery motion will not be heard unless "the parties have conferred and attempted to resolve their differences"). The parties' joint statement and the hearing on the motion revealed that the only remaining disputes involve defendant's Request for Production of Documents No. 94 and Special Interrogatory No. 20, both of which seek communications between Ignacio Gomez and attorneys for plaintiff with respect to this case, as well as defendant's request that the court clarify the scope of discovery with respect to those communications. The joint statement and hearing also revealed, however, that during the meet and confer process, plaintiff's counsel offered to allow Gomez to testify at his deposition "regarding communications between counsel and himself that he 'considered - that is generated, saw, read, reviewed, and/or reflected upon - in connection with' his rebuttal expert testimony in this case," but defendant cancelled that deposition and instead filed the present motion to compel. Defendant has not adequately demonstrated why plaintiff's counsel's offer was not accepted and/or why the parties were unable to either resolve the dispute or work toward resolving the dispute without court intervention.[1] Therefore, in light of the failure to adequately meet and confer, defendant's motion to compel, Dckt. No. 84, is denied without prejudice. If defendant re-notices the deposition of Ignacio Gomez, the court expects that plaintiff will once again offer to allow Gomez to testify at his deposition "regarding communications between counsel and himself that he 'considered - that is generated, saw, read, reviewed, and/or reflected upon - in connection with' his rebuttal expert testimony in this case."

/////

---

[1] Moreover, based on the current record, the court is unable to discern whether plaintiff waived the attorney-client privilege and work product protection otherwise applicable to communications between Ignacio Gomez and plaintiff's counsel by disclosing him as a non-reporting rebuttal expert pursuant to Federal Rule of Civil Procedure 26(a)(2)(C). However, had defendant accepted plaintiff's offer to depose Gomez regarding certain communications between counsel and himself, defendant may have been able to obtain information which would support such a waiver.

1 | Each party shall bear its own costs.

2 |     SO ORDERED.

3 | DATED: November 9, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE