IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B., <br><br> Plaintiff, <br><br> v. <br><br> MELANIE ANDERSON an individual and doing business as COTTAGE CREEK APPRAISALS, <br><br> Defendant. | 2:11-CV-01061-GEB-EFB <br><br> ORDER DENYING MOTION FOR RECONSIDERATION[*] |

Defendant requests reconsideration of the Magistrate Judge's November 9, 2012, Order, which denied Defendant's motion to compel discovery concerning "communications between Ignacio Gomez[, whom the parties agree is a non-reporting expert witness] and attorneys for" Plaintiff. (Mot. Compel Disc. 5:24-26, ECF No. 84.)

The parties communicated with each other concerning the discovery dispute, during which Plaintiff refused to respond to what Plaintiff contended were untimely propounded document production requests and interrogatories in light of the prescribed discovery

---

[*] This matter is deemed suitable for decision without oral argument.

1

completion date. However, on September 11, 2012, Plaintiff offered to allow Defendant to depose Gomez, provided that the deposition was limited in scope to "communications between [Gomez] and counsel that he 'considered – that is generated, saw, read, reviewed, and/or reflected upon – in connection with' his rebuttal expert testimony in this case." (Order 2:9-12, ECF No. 87.)

Defendant subsequently requested the Court to modify the discovery period so that she could "move to compel discovery, subpoena documents[,] . . . and re-notice the deposition of Ignacio Gomez." (Def.'s Mot. Admin. Relief 1:22-26, ECF No. 78.) Defendant proposed in her discovery-period modification request that a new discovery "cutoff date be set for December 14, 2012." (Id. at 3:26-27). On October 5, 2012, the Court responded to Defendant's request by changing the discovery period as follows: "All discovery shall be completed by December 14, 2012." (Order Modifying Pretrial Scheduling Order, ECF No. 83.)

On October 10, 2012, Defendant indicated that Plaintiff's September 11, 2012 offer concerning Gomez's deposition was rejected by cancelling Gomez's deposition, (Order 4:24, ECF No. 87), and filing the subject motion to compel. Defendant argues Gomez's deposition was cancelled because Plaintiff "refused to produce any documents in advance of Gomez's deposition." (Mot. Compel Disc. 5:26-27). Defendant argued in her motion to compel discovery that <u>Sierra Pacific Industries</u> supported her position since when Plaintiff "designat[ed] Ignacio Gomez as a non-reporting expert witness, [Plaintiff] waived otherwise applicable privilege and work-product protections." (Mot. Compel Disc. 6:2-4.)

The Magistrate Judge in this case authored <u>Sierra Pacific Industries</u>, in which he stated:

2

> [S]ome non-reporting witnesses, such as treating physicians and accident investigators, should be treated differently than reporting witnesses with respect to the discoverability of their communications with counsel. See Minutes, Civil Rules Advisory Committee Meeting (April 20-21, 2009) p. 14 ("The Committee did not want to protect communications by one party's lawyer with treating physicians, accident investigators, and the like. An employee expert, moreover, may be an important fact witness."). These type[s] of witnesses are hybrid fact and expert opinion witnesses. While it is desirable that any testifying expert's opinion be untainted by attorneys' opinions and theories, it is even more important that a witness who is testifying regarding his own personal knowledge of facts be unbiased. Therefore, at least in some cases, discovery should be permitted into such witnesses' communications with attorneys, in order to prevent, or at any rate expose, attorney-caused bias.
>
> Given the facts of this particular dispute, counsel's communications with White and Reynolds should not be protected. White and Reynolds are hybrid fact and expert witnesses. In addition to being current and former employees, White and Reynolds have percipient knowledge of the facts at issue in this litigation. As two of the three primary investigators of the Moonlight Fire, they have first-hand factual knowledge regarding the causes of the Moonlight Fire. If their communications with counsel were protected, any potential biases in their testimony regarding the causes of the fire would be shielded from the fact-finder.
>
> <u>The court declines to hold that designating an individual as a non-reporting expert witness waives otherwise applicable privileges and protections in all cases, or even for all cases involving non-reporting employee expert witnesses</u>. But in this particular factual scenario, the United States waived its privilege and work-product protection by disclosing White and Reynolds as expert witnesses.

<u>United States v. Sierra Pac. Indus.</u>, 2:09-cv-2445-KJM-EFB, 2011 WL 2119078 (E.D. Cal. May 26, 2011) (emphasis added).

During the motion to compel hearing, the Magistrate Judge told Defendant that he was concerned about "a lack of any genuine meet and confer as to this particular motion." (Tr. Hr'g 2:21-23, ECF No. 88.) Specifically, the Magistrate Judge stated:

1    THE COURT: . . . [O]ne of the things that [b]others me about the joint statement is that there was apparently an offer by the plaintiffs to allow you to depose Mr. Gomez and to depose him about attorney expert communications to the extent that Mr. Gomez relied on information that was provided in those communications that formed the basis for his opinions. I don't understand why you would turn that down.

[Defendant's counsel]: Your Honor, with all due respect, we requested the documents themselves, and part of the prejudice in the hearing before that with respect to their disclosure of Ignacio Gomez in the first place was that we were going to run into a time crunch at the end of discovery where we wouldn't be able to subpoena documents from them because there simply wasn't enough time. And so, when we came down to it, we were talking to them, and trying to hammer out an agreement in which we would actually receive documents with respect to these communications. And if you read the e-mails between them, they don't actually offer up to provide the documents. They offer to allow us to --

THE COURT: Well, given -- given that under the Ninth Circuit's Goodman case they had the option to simply redesignate and protect all of the communications, it seems to me a fairly generous offer.

[Defendant's counsel]: . . . . [T]his case is exactly like Sierra Pacific in the sense that Ignacio Gomez's job is -- was at the time to review these particular underwriting agreements, which is just like the investigators in the Sierra Pacific case where their job wasn't to watch the fire happen, it was to investigate the fire after the fact. And now, Ignacio Gomez stands in exactly the same position as those investigators, Your Honor.

\* \* \*

THE COURT: I'm standing by my inclination. I'm going to submit the matter. There's a few things I want to look at, but my inclination is to order what the plaintiffs originally had offered up, that is, allowing the deposition to go forward with the limitations that were suggested by the plaintiff. But I'm going to submit the matter, and I'll issue a written order.

(Tr. Hr'g 8:24-10:22, ECF No. 88.)

4

1    Subsequently, the Magistrate Judge issued the following
2 written ruling:

3    As stated on the record, defendant did not
     adequately meet and confer regarding the discovery
4    dispute, as required by Federal Rule of Civil
     Procedure 37(a)(1) and Eastern District of
5    California Local Rule 251(b). See Fed. R. Civ. P.
     37(a)(1) (providing that a motion to compel
6    discovery "must include a certification that the
     movant has in good faith conferred or attempted to
7    confer with the person or party failing to make
     disclosure or discovery in an effort to obtain it
8    without court action"); E.D. Cal. L.R. 251(b)
     (providing that a discovery motion will not be heard
9    unless "the parties have conferred and attempted to
     resolve their differences"). The parties' joint
10   statement and the hearing on the motion revealed
     that the only remaining disputes involve defendant's
11   Request for Production of Documents No. 94 and
     Special Interrogatory No. 20, both of which seek
12   communications between Ignacio Gomez and attorneys
     for plaintiff with respect to this case, as well as
13   defendant's request that the court clarify the scope
     of discovery with respect to those communications.
14   The joint statement and hearing also revealed,
     however, that during the meet and confer process,
15   plaintiff's counsel offered to allow Gomez to
     testify at his deposition "regarding communications
16   between counsel and himself that he 'considered –
     that is generated, saw, read, reviewed, and/or
17   reflected upon – in connection with' his rebuttal
     expert testimony in this case," but defendant
18   cancelled that deposition and instead filed the
     present motion to compel. Defendant has not
19   adequately demonstrated why plaintiff's counsel's
     offer was not accepted and/or why the parties were
20   unable to either resolve the dispute or work toward
     resolving the dispute without court intervention.
21   Therefore, in light of the failure to adequately
     meet and confer, defendant's motion to compel, [ECF]
22   No. 84, is denied without prejudice. If defendant
     re-notices the deposition of Ignacio Gomez, the
23   court expects that plaintiff will once again offer
     to allow Gomez to testify at his deposition
24   "regarding communications between counsel and
     himself that he 'considered – that is generated,
25   saw, read, reviewed, and/or reflected upon – in
     connection with' his rebuttal expert testimony in
26   this case."

27 (Order 1:23–2:20, ECF No. 87.) Further, the Magistrate Judge also
28 stated:

5

> [B]ased on the current record, the court is unable to discern whether plaintiff waived the attorney-client privilege and work product protection otherwise applicable to communications between Ignacio Gomez and plaintiff's counsel by disclosing him as a nonreporting rebuttal expert pursuant to Federal Rule of Civil Procedure 26(a)(2)(C). However, had defendant accepted plaintiff's offer to depose Gomez regarding certain communications between counsel and himself, defendant may have been able to obtain information which would support such a waiver.

(Id. at 2 n.1.)

Defendant argues the Magistrate Judge's ruling was clearly erroneous, since Plaintiff waived attorney-client privilege and work-product protection by designating Gomez "as [an] FRCP 26(a)(2)(C) expert witness" because this designation tasks "Gomez . . . with providing expert witness testimony in conjunction with his investigation into the subject loans," which "should result in a complete waiver of the attorney-client privilege and work product protections as occurred in Sierra Pacific Industries." (Mot. Reconsideration 4:27–5:3, ECF No. 89.) Further, Defendant argues she engaged in discovery-dispute meet and confer efforts, but brought the motion to compel discovery before the Magistrate Judge because Plaintiff refused to provide documents Defendant "was requesting [which] became discoverable through [Plaintiff's aforementioned] waiver." (Id. at 6:15–18.)

The essence of Defendant's argument is that she was entitled to have Plaintiff produce all the written discovery she sought sometime before Gomez's deposition, and was relieved from her obligation to meet and confer when Plaintiff failed to comply with this demand.

On review of a motion for reconsideration, "[a] district court shall defer to the magistrate's order[] unless [it is] clearly erroneous or contrary to law." Grimes v. City & Cnty. of S.F., 951 F.2d 236, 240

(9th Cir. 1991) (citing Fed. R. Civ. P. 72(a)); accord E.D. Cal. R. 303(f). "The reviewing court may not simply substitute its judgment for that of the deciding court." Grimes, 951 F.2d at 241.

The Magistrate Judge denied Defendant's motion to compel because "defendant did not adequately meet and confer regarding the discovery dispute, as required by Federal Rule of Civil Procedure ["Rule"] 37(a)(1) and Eastern District of California Local Rule 251(b)." (Order 1:23–25.) The Magistrate Judge reasoned that, under Goodman, where a nonreporting "expert with percipient knowledge . . . is both a percipient witness to facts that are in issue as well as a witness who is qualified to offer expert opinion," then that witness "morphs into a reporting expert." (Tr. Hr'g 7:12–19.) Thus, when Plaintiff offered "to allow [Defendant's counsel] to depose Mr. Gomez . . . about attorney-expert communications," Plaintiff "had the option" under Goodman "to simply redesignate" Gomez as a reporting expert "and protect all of the communications," and therefore Plaintiff's offer "seems . . . fairly generous." (Id. at 9:1–4, 9:19–22.) The Magistrate Judge denied the motion to compel because "Defendant has not adequately demonstrated why Plaintiff's offer was not accepted and/or why the parties were unable to . . . resolve the dispute . . . without court intervention." (Order 2:13–15.) The Magistrate Judge considered Plaintiff's Sierra Pacific argument and noted that he was "unable to discern whether plaintiff waived the attorney-client privilege and work product protection otherwise applicable to communications between Ignacio Gomez and plaintiff's counsel by disclosing him as a nonreporting rebuttal expert. However, had defendant accepted plaintiff's offer to depose Gomez regarding certain communications between counsel and himself,

1  defendant may have been able to obtain information which would support
2  such a waiver." (Id. at 2 n.1.)
3       "[I]n order to bring a proper motion to compel under Rule
4  37(a)(2)(B), a moving party must personally engage in two-way
5  communication with the nonresponding party to meaningfully discuss each
6  contested discovery dispute in a genuine effort to avoid judicial
7  intervention." Shuffle Master, Inc. v. Progressive Games, Inc., 170
8  F.R.D. 166, 171 (D. Nev. 1996); see also E.D. Cal. R. 251(b) ("[A]
9  motion [to compel] . . . shall not be heard unless . . . the parties
10 have conferred and attempted to resolve their differences . . . .").
11 Further, under Goodman, when a non-reporting expert witness gives expert
12 opinions beyond percipient facts, such as when a treating physician
13 gives testimony beyond that which could be learned in the course of
14 providing treatment, he "morphs" into a reporting expert: he must file
15 a report and his communications with counsel are protected by Rule
16 26(b)(4)(C). Goodman v. Staples the Office Superstore, LLC, 644 F.3d
17 817, 819–20 (9th Cir. 2011)I .
18      Here, the gravamen of Defendant's argument is that she was
19 entitled to written discovery under the reasoning of Sierra Pacific
20 because Plaintiff waived applicable privileges and protections; and she
21 was relieved of any meet and confer obligation concerning this discovery
22 since Plaintiff had no option other than to fully comply with her
23 discovery requests. However, Defendant's argument does not address the
24 basis of the Magistrate Judge's ruling which held that Plaintiff's offer
25 to allow Defendant to depose Gomez was "fairly generous" since,
26 notwithstanding Sierra Pacific, Plaintiff had the option to re-designate
27 Gomez under Goodman and protect communications. Further, Defendant fails
28 to adequately explain why she brought her motion to compel after she

successfully had the discovery completion period changed as she had requested, instead of meaningfully seeking to resolve or compromise the dispute during a meet and confer process. In light of this record, as the Magistrate Judge observed, "had [D]efendant accepted [P]laintiff's offer to depose Gomez . . . [she] may have been able to obtain information which would support . . . waiver" of attorney-client and work-product protections that she insists occurred. (Order 2 n.1, ECF No. 87.)

For the stated reasons, Defendant's request for reconsideration (ECF No. 89) is denied since she has not shown that the Magistrate Judge's ruling was clearly erroneous or contrary to law.

Dated: January 11, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge